United States District Court
Southern District of Texas
**ENTERED**
October 07, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EDIN DAVID VASQUEZ-JOJ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-26-6392 |
| | § | |
| MARTIN FRINK, et al., | § | |
| | § | |
| Respondents. | § | |

## MEMORANDUM OPINION AND ORDER

Edin David Vasquez-Joj ("Petitioner"), a citizen of Guatemala, entered the United States without inspection in 2008.[1] Petitioner was originally encountered by immigration officers on July 2, 2017, while he was in Brazos County Jail in Bryan, Texas.[2] On July 7, 2017, Petitioner was taken into immigration custody and served with a Notice to Appear, charging him with inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), "as an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General."[3] On July 25, 2017, an immigration judge granted Petitioner a bond.[4] On March 24, 2022, an immigration judge ordered Petitioner removed from the United States to

---

[1]Petition for Writ of Habeas Corpus ("Habeas Petition"), Docket Entry No. 1, p. 6 ¶ 20; Motion to Stay, and in the Alternative, Motion for Summary Judgment ("Respondents' MSJ"), Docket Entry No. 5, p. 2. For purposes of identification, all page numbers refer to the pagination imprinted at the top of the page by the court's Electronic Case Filing system.

[2]Respondents' MSJ, Docket Entry No. 5, p. 2.

[3]Id.; Notice to Appear, Docket Entry No. 8, p. 1.

[4]Respondents' MSJ, Docket Entry No. 5, p. 2.

Guatemala.[5] Petitioner has appealed that decision, which remains pending.[6] On July 15, 2026, Petitioner was taken into immigration detention after being encountered in jail by immigration officers.[7]

Pending before the court is Petitioner's Habeas Petition (Docket Entry No. 1). Petitioner argues that his detention without a bond hearing violates due process.[8] Also pending before the court is Respondents' Motion for Summary Judgment (Docket Entry No. 5). Respondents argue that Petitioner is legally detained under § 1225(b)(2) because he is an applicant for admission.[9] Petitioner has filed his Response in Opposition to Respondents' Motion to Stay and, in the Alternative Motion for Summary Judgment (Docket Entry No. 7-1).[10]

Because "presence without admission deems [Petitioner] to be [an] applicant[] for admission," Petitioner is subject to mandatory detention under § 1225(b)(2). Buenrostro-Mendez v. Bondi, 166 F.4th 494, 498, 502 (5th Cir. 2026). This mandatory detention does not violate substantive or procedural due process. As explained in Garcia De La Cruz v. Bondi, Civil Action No. H-25-5577, 2026 WL 309939 (S.D. Tex. Feb. 5, 2026), the Supreme Court has made clear that "'[d]etention during removal proceedings is a constitutionally permissible part of that process.'" Id.

---

[5]Id.

[6]Id.

[7]Id. at 3.

[8]Habeas Petition, Docket Entry No. 1, pp. 13–15 ¶¶ 43–51.

[9]Respondents' MSJ, Docket Entry No. 5, pp. 1–2.

[10]On October 2, 2026, Petitioner filed his Motion for Leave to File Out-of-Time Response to Respondents' Motion to Stay and, in the Alternative, Motion for Summary Judgment (Docket Entry No. 7), which is **GRANTED**. The court will therefore consider Petitioner's Response in Opposition to Respondents' Motion to Stay and, in the Alternative Motion for Summary Judgment (Docket Entry No. 7-1).

at *2 (quoting Demore v. Kim, 123 S. Ct. 1708, 1721–22 (2003)). Moreover, as explained in Jacobo-Ventura v. Dickey, Civil Action No. H-25-6117 (S.D. Tex. Feb. 19, 2026), because Petitioner only has those rights regarding admission that Congress has provided by statute, and because § 1225(b)(2) mandates detention of applicants for admission until certain proceedings have concluded, Petitioner is not entitled to a bond hearing as a matter of procedural due process.

For the reasons explained above, Respondent's Motion for Summary Judgment (Docket Entry No. 5) is **GRANTED,** and Petitioner's Petition for a Writ of Habeas Corpus (Docket Entry No. 1) is **DENIED**.

The court will enter a final judgment in favor of Respondents.

**SIGNED** at Houston, Texas, on this 7th day of October, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE